UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAMARA CRAWFORD,

    Plaintiff,

v.                                            CASE NO: 8:08-cv-927-T-26EAJ

THE CITY OF TAMPA, et al.,

    Defendants.
_____/

**O R D E R**

Before the Court is Defendant's Motion to Dismiss the Third Amended Complaint (Dkt. 53), and Plaintiff's pro se Response. (Dkt. 60.) After careful consideration of the allegations of the Third Amended Complaint (Dkt. 49), the Court concludes that the motion should be granted in part and denied in part. This case shall proceed on the remaining valid claims.

**Third Amended Complaint**

Plaintiff now sets forth her claims in six counts, and her husband asserts a claim for loss of consortium in a seventh count. (Dkt. 49.) Plaintiff lists the City as a Defendant along with eleven individual Defendants. This Court previously entered an order dismissing with prejudice the individual Defendants based on qualified immunity afforded municipal employees acting within the scope of their discretionary authority

under 42 U.S.C. § 1983. (Dkt. 29, pp. 6-8.) In accordance with that order, Plaintiff's renewed attempt to somehow place liability on those individual Defendants listed is again denied, and the individual Defendants are dismissed from the case. Consequently, the sole Defendant remaining is the City.

### *Count I—Family Medical Leave Act*

Plaintiff again attempts to allege a claim for relief under the Family Medical Leave Act (FMLA), for the denial of sick leave in March and April 2007 in violation of the City's sick leave policy found in its personnel manual. See § B8.2, General Employees Sick Bank, attached to docket 53. The allegations assert that Plaintiff was denied sick leave based on her race. Defendant acknowledges that these allegations, if true, may be actionable, but not under the FMLA. Thus, to the extent the Third Amended Complaint attempts to seek relief under the FMLA, any such claim is dismissed for failure to state a claim for relief under the FMLA.

### *Count II—Disparate Treatment*

Plaintiff cites five examples of "disparate treatment" in count II. All of the incidents involve violations based on Plaintiff's race with none of the examples rooted in age or gender. Plaintiff mentions the Florida Civil Rights Act (FCRA) in count II, but, as Defendant correctly notes, any claims of disparate treatment should be addressed under her claim of racial discrimination and wrongful termination under 42 U.S.C. § 1981 and 1983.

### *Count III—Unlawful Disclosure of Plaintiff's Medical Records*

This count must be dismissed with prejudice because this Court previously ruled that no private right of action exists under the HIPPA or the ADA for the unauthorized disclosure of medical records. (Dkt. 29, p. 9). To the extent Plaintiff raises section 112.08(7) of the Florida Statutes relating to group insurance, such statute has nothing to do with the facts alleged in this complaint.

### *Count IV----Age and Gender Discrimination*

The allegations in the fourth count do not support a claim for relief pertaining to age or gender discrimination. The facts as alleged are directed to racial discrimination only. Plaintiff's age and gender are not related to the complained of actions against the City. Consequently, Plaintiff has failed to set forth a claim based on either age or gender discrimination.

### *Count V—Wrongful Termination*

This count claims that Plaintiff was fired because she was black. (Dkt. 49, para. 171). To the extent Plaintiff seeks any relief under the FCRA, there is no indication that she has complied with the prerequisites to relief under that statute. The Court finds that this claim under 42 U.S.C. § 1981 and 1983 survives dismissal, and may proceed on the merits.

### *Count VI—Racial Discrimination*

This Court previously allowed Plaintiff one last opportunity to allege a claim for racial discrimination. At this juncture, the Court will permit this claim to proceed, finding it more appropriate to permit the case to be resolved on the merits at a later stage.

### *Count VII—Loss of Consortium*

For the first time in this action, Plaintiff's husband brings a claim for loss of consortium. Generally, loss of consortium is a derivative claim which must arise out of some tort liability to the spouse. See Durley v. APAC, Inc., 236 F.3d 651, 658 (11th Cir. 2000) (citing Georgia state law).[1] In an action brought under the Federal Tort Claims Act, the Eleventh Circuit recently noted the split in authority in Florida as to whether a loss of consortium claim is derivative or independent in the area of abatement and survival of claims. See Bravo v. United States, 532 F.3d 1154, 1170 n. 10 (11th Cir. 2008) (remarking that characterizing the claim as derivative is the better-reasoned decision). The issue in this case is whether a loss of consortium claim may be brought in an action based solely on 42 U.S.C. § 1981 and 1983 with no pendent state law claims.

Generally, a loss of consortium claim may not be brought under § 1983 and other federal civil rights statutes because it does not arise under those statutes, but rather stems from state law tort claims. See Cook v. Waters, No. 96-cv-1459-T-17E, 1996 WL

---

[1] See also Nelson v. City of Panama City, Fla., 176 F.Supp.2d 1288, 1290 n. 1 (N.D. Fla. 2001) (listing Florida cases establishing that consortium claims are "available to the spouse of a tort victim who suffers physical injury and also to the spouse of a person damaged by at least some intentional torts.").

685842, at *1 (M.D. Fla. Nov. 13, 1996) (holding consortium claim unavailable under Title VII and ADA); Doran v. City of Clearwater, Fla., 814 F.Supp. 1079, (M.D. Fla. 1993) (permitting consortium claim in case involving both claims under § 1983 and state law defamation, because claim could have derived from the state law claim).[2] Case law from other jurisdictions has permitted a consortium claim to be brought "alongside of," rather than "under," a § 1983 claim. See Kinzer v. Metropolitan Gov't of Nashville, 451 F.Supp.2d 931 (M.D. Tenn. 2006) (holding that state law consortium claim may be brought in separate count under supplemental jurisdiction in case brought solely under § 1983). Moreover, while not directly answering the question of whether a state law derivative consortium claim may accompany a sole claim brought under the federal civil rights and discrimination statutes, the Eleventh Circuit has reversed the dismissal of a consortium claim because the underlying § 1983 claim withstood summary judgment. See Davis v. Williams, 451 F.3d 759, 768 (11th Cir. 2006).[3] Having reviewed the applicable case law, the Court finds it beneficial to permit the consortium claim to proceed to resolution on the merits at the earliest possible stage.

---

[2] See also Willard v. O'Reilly Automotive, Inc., No. 1:07cv17-JMR, 2007 WL 2826636, at * 2 n. 1 (S.D. Miss. Sept. 25, 2007) (enumerating many cases from various jurisdictions disallowing a derivative consortium claim from Title VII and other federal civil rights statutes).

[3] Another judge in this District has deemed it prudent to permit a consortium claim to travel alongside a § 1983 claim. See Horst v. Parker, No. 6:07-cv-612-Orl-19KRS, 2007 WL 4234616, at *3 (M.D. Fla. Nov. 29, 2007) (denying motion to dismiss consortium claim, relying on Davis).

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)   Defendant's Motion to Dismiss is **GRANTED** as to any claim under the FMLA, HIPPA, ADA, or FCRA.

(2)   Defendant's Motion to Dismiss is **DENIED** as to her claim of racial discrimination and wrongful termination brought under 42 U.S.C. § 1981 and 1983 and denied as to Plaintiff's husband's loss of consortium claim.

(3)   This case shall proceed on the Third Amended Complaint with the changes noted in this order.

(4)   Defendant shall file an answer and defenses within ten (10) days of the date of this order.

**DONE AND ORDERED** at Tampa, Florida, on January 9, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record